IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-CV-503-RJC-DCK

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | STIPULATED FINAL ORDER |
| v. | ) | FOR PERMANENT |
| | ) | INJUNCTION AND |
| LOMBARDO, DANIELS & MOSS, LLC, *et* | ) | SETTLEMENT OF CLAIMS AS |
| *al.*, | ) | TO DEFENDANTS LOMBARDO, |
| | ) | DANIELS & MOSS, LLC AND |
| Defendants. | ) | CHARLES MONTGOMERY |
| | ) | |

**THIS MATTER** comes before the Court on the parties' Consent Motion for

Settlement Stipulation to Enter Final Order for Permanent Injunction and

Settlement of Claims as to Defendants Lombardo, Daniels & Moss, LLC and Charles

Montgomery, (Doc. No. 48).

## BACKGROUND

Plaintiff, Federal Trade Commission ("FTC"), commenced this civil action on

August 21, 2017, by filing its Complaint (Doc. No. 2) seeking a permanent injunction

and other equitable relief pursuant to Section 13(b) of the Federal Trade Commission

Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814 of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*.  On motion by the FTC, on August 24,

2017, the Court entered an *ex parte* Temporary Restraining Order with asset freeze,

appointment of receiver, and other equitable relief against Defendants (ECF No. 10).

On September 1, 2017, after a hearing on an order to show cause, the Court entered

a Preliminary Injunction against Defendant Dion Barron (ECF No. 24).  Now, the

1

FTC and Defendants Lombardo, Daniels & Moss, LLC and Charles R. Montgomery, III, by and through their undersigned counsel, stipulate and agree to the entry of this Final Order for Permanent Injunction and Settlement of Claims ("Order") to resolve all matters in dispute in this action between them.

## FINDINGS

By stipulation of the parties, the Court finds as follows:

1. This Court has jurisdiction over this matter.

2. The Complaint charges that the Stipulating Defendants participated in deceptive, abusive, and unfair debt collection practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FDCPA, 15 U.S.C. §§ 1692 – 1692p.

3. The Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, the Stipulating Defendants admit only the facts necessary to establish jurisdiction.

4. The Stipulating Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear their own costs and attorney fees.

5. The Stipulating Defendants and the FTC waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6. Entry of this Order is in the public interest.

# DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.   "**Credit Repair Service**" means selling, providing, or performing any service (or representing that such service can or will be sold, provided, or performed) through the use of any instrumentality of interstate commerce or the mails, in return for the payment of money or other valuable consideration, for the express or implied purpose of (1) improving any consumer's credit record, credit history, or credit rating, (2) providing advice or assistance to any consumer with regard to any activity or service described in clause (1).

B.   "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

C.   "**Debt Collection Activities**" means any activities of a debt collector to collect or attempt to collect, directly or indirectly, a debt owed or due, or asserted to be owed or due.

D.   "**Debt Collector**" means any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term also includes any creditor who, in the process of collecting its own debts, uses any name other than its own which would indicate that a third person is collecting or attempting to collect such debts. The term also includes any person to the extent such person collects or attempts to collect any debt that

was in default at the time it was obtained by such person.

E. **"Defendants"** means Lombardo, Daniels & Moss, LLC, Charles R. Montgomery, III, and Dion Barron, individually, collectively, or in any combination.

F. **"Financial-Related Product or Service"** means any product, service, plan, or program represented, expressly or by implication, to provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving:

    1. An extension of consumer credit;

    2. Credit repair services; or

    3. Any secured or unsecured debt relief product or service.

G. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

H. **"Secured or Unsecured Debt Relief Product or Service"** means, with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication to:

    1. Negotiate, settle, or in any way alter the terms of payment or other terms of the mortgage, loan, debt, or obligation, including but not limited to, a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

    2. Stop, prevent, or postpone any mortgage or deed of foreclosure sale for a

person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

3. Obtain any forbearance or modification in the timing of payments from any secured or unsecured creditor or debt collector;

4. Negotiate, obtain, or arrange any extension of the period of time within which the person by (a) cure his or her default on the mortgage, loan, debt, or obligation, (b) reinstate his or her mortgage, loan, debt, or obligation, (c) redeem a dwelling or other collateral, or (d) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

5. Obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

6. Negotiate, obtain, or arrange, (a) a short sale of a dwelling or other collateral, (b) a deed-in-lieu of foreclosure, or (c) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a person's application for the mortgage, loan, debt, or obligation.

I. "**Stipulating Defendants**" means the Individual Stipulating Defendant and the

Corporate Stipulating Defendant, individually, collectively, or in any combination. "**Corporate Stipulating Defendant**" means Lombardo, Daniels & Moss, LLC, and its successors and assigns, including but not limited Montgomery Financial Solutions, LLC. "**Individual Stipulating Defendant**" means Charles R. Montgomery, III, and any other name by which he may be known.

## ORDER

## BAN ON DEBT COLLECTION ACTIVITIES

I.   **IT IS THEREFORE ORDERED** that the Stipulating Defendants, whether acting directly or through any other person, are permanently restrained and enjoined from:

    A. Participating in debt collection activities; and

    B. Advertising, marketing, promoting, offering for sale, selling, or buying any consumer or commercial debt or any information regarding a consumer relating to a debt.

## PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL-RELATED PRODUCTS OR SERVICES

II.   **IT IS FURTHER ORDERED** that the Stipulating Defendants, their officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any financial-related product or service are permanently restrained and enjoined from:

A.  Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

1.  The terms or rates that are available for any loan or other extension of credit

2.  Any aspect of any credit repair service, including but not limited to (a) any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit; or (b) that any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

3.  Any aspect of any secured or unsecured debt relief product or service, including but not limited to (a) the amount of savings a consumer will receive from purchasing, using, or enrolling in such secured or unsecured debt relief product or service; (b) the amount of time before which a consumer will receive settlement of that consumer's debts; or (c) the reduction or cessation of collection calls;

4.  That a consumer will receive legal representation; and

5.  That any particular outcome or result from a financial-related product or service is guaranteed, assured, highly likely or probable, or very likely or probable; and

B.     Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

## PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

III.   **IT IS FURTHER ORDERED** that the Stipulating Defendants, their officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any product or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. That any person is an attorney or affiliated or associated with an attorney or law firm;

B. That any person owes any debt;

C. The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the consumer; and

D. Any other fact material to a consumer's decision to purchase any good or service, such as (1) the total costs to purchase, receive, or use, and the quantity of, any good or service; (2) any material restriction, limitation, or condition to purchase, receive, or use any good or service; or (3) any material

aspect of the performance, efficacy, nature, or central characteristics of any good or service.

## MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IV.** **IT IS FURTHER ORDERED** that:

A. Judgment in the amount of TWO MILLION, SEVEN HUNDRED AND TWENTY TWO THOUSAND, FOUR HUNDRED, AND FIFTY TWO DOLLARS ($2,722,452) is entered in favor of the FTC against the Stipulating Defendants as equitable monetary relief, of which judgment the Stipulating Defendants are jointly and severally liable for $1,635,803 with any other Defendant in this action against whom judgment may be entered.

B. In partial satisfaction of the judgment against the Stipulating Defendants:

1. SunTrust Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, in (a) account number xxxx0077 in the name of Lombardo, Daniels & Moss and/or Charles Montgomery; (b) account number xxxx2276 in the name of Lombardo, Daniels & Moss and/or Charles Montgomery; (c) account number xxxx7292 in the name of Lombardo, Daniels & Moss and/or Charles Montgomery; (d) account number xxxx7577 in the name of Lombardo, Daniels & Moss, Montgomery Financial Solutions, and/or Charles Montgomery; (e) account number xxxx8187 in the name of Lombardo, Daniels & Moss, Montgomery Financial Solutions, and/or Charles Montgomery

2. Fifth Third Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, in (a) account number xxxx2959 in the name of Lombardo, Daniels & Moss and/or Charles Montgomery; (b) account number xxxx7855 in the name of Montgomery Financial Solutions and/or Charles Montgomery; (c) account number xxxx6634 in the name of Charles Montgomery; (d) account number xxxx6243 in the name of Charles Montgomery; (e) account number xxxx2950 in the name of Charles Montgomery; (f) account number xxxx9026 in the name of Charles Montgomery;

3. Bank of America shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, in (a) account number xxxx2656 in the name of Charles Montgomery; (b) account number xxxx6250 in the name of Charles Montgomery; (c) account number xxxx2643 in the name of Charles Montgomery; (d) account number xxxx3879 in the name of Charles Montgomery; (e) account number xxxx5710 in the name of Charles Montgomery

4. First Citizens Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, in account number xxxx6608 in the name of Lombardo, Daniels & Moss and/or Charles Montgomery;

5. Zenith Financial Network Inc. shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC or its designated agent all funds,

if any, in all merchant accounts in the name of Lombardo, Daniels & Moss, Montgomery Financial Solutions, and/or Charles Montgomery;

C. Upon completion of the asset transfers set forth in Section IV.B of this Order, the remainder of the judgment as to the Stipulating Defendants is suspended, subject to the Subsections below.

D. The asset freeze is modified to permit the transfers identified in this Section. Upon completion of those transfers, the asset freeze as to the Stipulating Defendants is dissolved.

E. The FTC's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Stipulating Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the FTC, namely: (1) the Financial Statement of Individual Defendant Charles Montgomery, signed on September 14, 2017, including the attachments; and (2) the Financial Statement of Corporate Defendant Lombardo, Daniels & Moss signed by Charles Montgomery on September 14, 2017, including the attachments.

F. The suspension of the judgment will be lifted as to a Stipulating Defendant if, upon motion by the FTC, the Court finds that such Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order).

H. The Stipulating Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

J. The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

K. The Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which they previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

L. All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## CUSTOMER INFORMATION

V.  **IT IS FURTHER ORDERED** that the Stipulating Defendants, their officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the FTC to administer efficiently consumer redress.   If a representative of the FTC requests in writing any information related to redress, the Stipulating Defendants must provide it, in the form prescribed by the FTC, within 14 days.

B. Disclosing, using, or benefitting from customer information, including the

name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with any debt collection activities; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

D. Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

### ORDER ACKNOWLEDGMENTS

**VI.**   **IT IS FURTHER ORDERED** that the Stipulating Defendants obtain acknowledgments of receipt of this Order:

A.   Each Stipulating Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.   For 4 years after entry of this Order, the Individual Stipulating Defendant for any business that he, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and the Corporate Stipulating Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for

conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, that Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

VII.   **IT IS FURTHER ORDERED** that the Stipulating Defendants make timely submissions to the FTC:

A.    One year after entry of this Order, each the Stipulating Defendant must submit a compliance report, sworn under penalty of perjury:

1.    Each Stipulating Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with that Stipulating Defendant; (b) identify all of that Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and

the involvement of any other Defendant (which the Individual Stipulating Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Stipulating Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

2. Additionally, the Individual Stipulating Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Stipulating Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Corporate Stipulating Defendant or any entity that such Stipulating Defendant has any ownership interest in or controls directly or

indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, the Individual Stipulating Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Stipulating Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Stipulating Defendant within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by an FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to

DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Lombardo, Daniels & Moss, X170049.

## RECORDKEEPING

**VIII. IT IS FURTHER ORDERED** that the Stipulating Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, the Corporate Stipulating Defendant and the Individual Stipulating Defendant for any business that he, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E.     A copy of each materially different advertisement or other marketing material.

## COMPLIANCE MONITORING

IX.    **IT IS FURTHER ORDERED** that, for the purpose of monitoring the Stipulating Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the FTC, each Stipulating Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.   The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69; provided that a Settling Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B.     For matters concerning this Order, the FTC is authorized to communicate directly with each Stipulating Defendant.  The Stipulating Defendants must permit representatives of the FTC to interview any employee or other person affiliated with any Stipulating Defendant who

has agreed to such an interview. The person interviewed may have counsel present.

C.     The FTC may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to the Stipulating Defendants or any individual or entity affiliated with the Stipulating Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning the Stipulating Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## ENTRY OF JUDGMENT

X.     **IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to Defendants Lombardo, Daniels & Moss, LLC and Charles R. Montgomery, III.

## RETENTION OF JURISDICTION

XI.    **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Parties' Consent Motion for Settlement Stipulation to Enter Final Order for Permanent Injunction and Settlement of Claims as to Defendants Lombardo, Daniels & Moss, LLC and Charles Montgomery, (Doc. No. 48), is **GRANTED**. This Order is dipositive to the remaining defendants of this case,[1] rendering the remaining pending orders moot. Therefore:

1. Kenneth D. Bell's Consent Motion to Reappoint Receiver, (Doc. No. 26), is **DENIED AS MOOT**;

2. The Federal Trade Commission's Motion to Terminate Receivership by Federal Trade Commission, (Doc. No. 43), is **DENIED AS MOOT**;

3. The Federal Trade Commission's Motion to Strike Affirmative Defenses by Federal Trade Commission, (Doc. No. 39), is **DENIED AS MOOT**; and

4. The Clerk of Court is directed to close this case.

Signed: June 22, 2018

Robert J. Conrad, Jr.
United States District Judge

---

[1] The Federal Trade Commission has also submitted a Stipulation to Enter Final Order for Permanent Injunction and Settlement of Claims as to Defendant Dion Barron. (Doc. No. 46).